■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE RUMSEY, Appellant.— Appeal from a judgment of the County Court, Nassau County, convicting appellant of assault in the third degree, on his plea of guilty, and from an order denying his motion made after the entry of the plea, but prior to sentence, to withdraw such plea of guilty and to plead not guilty to the indictment. Judgment reversed on the law and the facts, and new trial ordered with leave to appellant to withdraw his plea of guilty and to substitute a plea of not guilty to the indictment. The indictment against appellant contains two counts of sodomy in the first degree, two counts of rape in the first degree, and two counts of assault in the second degree. This indictment was presented on February 5, 1952. On February 8, 1952, appellant entered a plea of not guilty to the indictment. More than four years later, on February 27, 1956, when appellant appeared in court on an application for a change of plea, an assistant district attorney recommended that appellant be permitted to withdraw his plea of not guilty to the indictment and to enter a plea of guilty to assault in the third degree in satisfaction of the entire indictment, for the reason that the complaining witness and another witness were not available, and for the further reason that even if the complaining witness were available corroboration of her testimony would be difficult. The court accepted the recommendation and permitted the appellant to so plead. About one month later, on March 23, 1956, appellant appeared with his counsel for sentence and moved for permission to withdraw the plea of guilty to assault and to plead not guilty to the indictment. That motion was denied and appellant was sentenced to serve one year in the Nassau County jail. The refusal of the trial court to grant appellant's motion to withdraw his plea of guilty to assault in the third degree was an abuse of discretion. This motion was made prior to the pronouncement of sentence, and, upon argument

of the appeal, the assistant district attorney stated that the granting of the motion would not be prejudicial to the People. No claim of prejudice is made by the District Attorney in his brief. Appellant is entitled to a trial under the indictment. No separate appeal lies from the order denying the motion to withdraw the plea, which order has been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.